UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DeEARL FOSTER,<br><br>      Petitioner,<br><br>      v.<br><br>RAMIREZ, et al.,<br><br>      Respondents. | No. 2:24-cv-2800 WBS AC P<br><br><br>ORDER |

      Petitioner, a former state and current county inmate proceeding without counsel, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1.

      On February 13, 2025, after petitioner failed to comply with this court's order to submit an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee, see ECF No. 3, the undersigned issued findings and recommendations recommending that this action be dismissed without prejudice for failure to prosecute. ECF No. 6. On March 3, 2025, the court received petitioner's application to proceed in forma pauperis. ECF No. 7. However, because the application was incomplete, petitioner was provided one final opportunity to submit a complete in forma pauperis application or risk continued recommendation that this case de dismissed for failure to prosecute. ECF No. 8. On May 1, 2025, the court received petitioner's second application to proceed in forma pauperis. ECF No. 9. Examination of this application reveals that it is complete, and that petitioner is unable to afford the costs of suit. Id. Accordingly, the

1  applications to proceed in forma pauperis will be granted, see 28 U.S.C. § 1915(a), and the
2  February 13, 2025, findings and recommendations will be withdrawn.
3        The petition alleges that respondents Aldana Ramirez and the Sacramento District
4  Attorney's Office falsely imprisoned petitioner and deprived him of his liberty in violation of the
5  Eighth and Fourteenth Amendments. ECF No. 1 at 3, 4. By way of relief, petitioner seeks to be
6  resentenced. Id. at 6. However, it is not clear from the petition what conviction or sentence
7  petitioner seeks to attack. The only case number petitioner provides is Case No. 2:24-cv-2036
8  DMC P, which appears to be a civil rights complaint also filed in this court and related to the
9  same conviction at issue in the petition.[1] The complaint in that case also fails to identify the
10 criminal case number. Because petitioner has not identified the state court case from which the
11 conviction he is challenging arises, he will be required to submit an amended petition. The
12 amended petition should identify the judgment of conviction at issue, including the name and
13 location of the sentencing or committing court and the case number for the state criminal
14 proceeding, and explain why he believes that his conviction or sentence is unconstitutional. See
15 Rule 4, 28 U.S.C. foll. § 2254 (outlining pleading requirements for habeas petitions).
16       In accordance with the above, IT IS HEREBY ORDERED that:
17     1. Petitioner's motions to proceed in forma pauperis (ECF Nos. 7, 9) are GRANTED.
18     2. The February 13, 2025, findings and recommendations (ECF No. 6) are
19 WITHDRAWN.
20     3. The application for writ of habeas corpus does not state any grounds for relief and will
21 not be served.
22     4. Within thirty days of the service of this order, petitioner may file an amended petition.
23 Any amended petition must bear the case number assigned to this action and the title "First
24 Amended Petition." Failure to file an amended petition will result in a recommendation that this
25 action be dismissed without prejudice.

---

[1] The court takes judicial notice of Case No. 2:24-cv-2036 DMC P. See Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (citations omitted) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.").

     5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: May 21, 2025

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE